**20-196**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **JOSHUA MOORE,** | § | |
|     **PLAINTIFF** | § | |
| **V.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ECTOR COUNTY INDEPENDENT** | § | |
|     **SCHOOL DISTRICT,** | § | |
|     **DEFENDANT** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff **JOSHUA MOORE** ("Mr. Moore") to hereby file "Plaintiff's Original Complaint" ("Complaint") and in support would show this Honorable Court the following.

## PREAMBLE

### *EXPERIENCED AND WONDERFUL EDUCATOR & COACH THROWN AWAY LIKE TRASH*

*Plaintiff Mr. Moore was a coach and teacher with Defendant ECTOR COUNTY-ISD (defined hereafter). Notwithstanding Plaintiff's stellar reputation and years of experience with Defendant, Defendant pursued a deliberate path of harassment because of Mr. Moore's age, gender, and exercise of his protected right to speak that resulted in Plaintiff being harassed, targeted, sanctioned, and ultimately fired from his employment with Defendant. Following a well-planned and implemented path to force Plaintiff to resign, Mr. Moore refused and faced the ultimate retaliation of termination. Plaintiff seeks redress of this Court for equitable relief and damages.*

## A.  NATURE OF SUIT

1.      Plaintiff Mr. Moore was the victim of systematic and ongoing discrimination in, and ultimately the Termination (defined hereafter) from, Mr. Moore's workplace based on Mr. Moore's age, gender, and the exercise of Mr. Moore's protected right of expression to speak, as well as in retaliation for or in an effort to suppress Mr. Moore's exercise of Mr. Moore's rights under the First Amendment of the United States Constitution. These acts of discrimination caused, contributed to, and maintained a hostile workplace environment in addition to being actionable in and of themselves, but also lead to the termination of Mr. Moore by the Board (defined hereafter) of Defendant ECTOR COUNTY-ISD (hereafter defined). Plaintiff Mr. Moore attempted many times to have Defendant ECTOR COUNTY-ISD stop the discrimination, targeting, and retaliation, but Defendant failed and refused to do so. As further retaliation, Defendant ECTOR COUNTY-ISD (through the action of its Board) ultimately terminated Mr. Moore's employment with Defendant ECTOR COUNTY-ISD. Plaintiff Mr. Moore exercised his right to file a complaint with the United States Equal Employment Opportunity Commission (the "EEOC") and now seeks judicial redress in accordance with various statutory remedies available to Mr. Moore.

2.      Plaintiff Mr. Moore now files this original action for damages and

equitable relief pursuant to:

> (a)    42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil
>        Rights Act of 1964, as amended by the Civil Rights Act
>        of 1991, as well as 28 U.S.C. §1343;
>
> (b)    29 U.S.C.S. §623(a)(1) *et seq* being the Age
>        Discrimination in Employment Act; and
>
> (c)    42 U.S.C. § 1983 with regards to:
>
>> (i)     Defendant's violations of the laws of the United
>>         States;
>>
>> (ii)    Defendant's denial (under the color of law) of
>>         Plaintiff Mr. Moore's equal protection, procedural
>>         due process violations, and substantive due process
>>         rights granted by the Fourteenth Amendment to the
>>         U.S. Constitution;
>>
>> (iii)   Defendant's denial (under the color of law) of
>>         Plaintiff Mr. Moore's freedom of expression and
>>         assembly rights granted by the First Amendment to
>>         the U.S. Constitution.

## B.  PARTIES

3.      Plaintiff Mr. Moore is a white male who resides in the State of Texas.

Mr. Moore has dedicated his life to the education and coaching of students.

4.      Defendant Ector County Independent School District ("ECTOR

COUNTY-ISD") is a public school district formed under the laws of the State of

Texas, operates under the authority of the State of Texas and the United States

Department of Education, and may be served with process herein by personal

**PLAINTIFF'S ORIGINAL COMPLAINT**

delivery to Defendant ECTOR COUNTY-ISD's Superintendent of Schools as

follows:

**ECTOR COUNTY INDEPENDENT SCHOOL DISTRICT**
**ATTN: DR. SCOTTY MURI**
**OFFICE OF THE SUPERINTENDENT**
**802 N. SAM HOUSTON**
**ODESSA, TEXAS 79761**

## C.  JURISDICTION and VENUE

5.      The original  jurisdiction of this Court is in accordance with 28 U. S. C.

§ 1331 as involving a *federal question* proceeding arising under:

(a)     42 U.S.C. §§2000e *et seq.*, being Title VII of the Civil
        Rights Act of 1964, as amended by the Civil Rights Act
        of 1991, as well as 28 U.S.C. §1343 ("Title VII");

(b)     29 U.S.C.S. §623(a)(1) *et seq* being the Age
        Discrimination in Employment Act ("ADEA") and

(c)     42 U.S.C. § 1983 ("Section 1983") with regards to:

    (i)     Defendant's violations of the laws of the United
            States;

    (ii)    Defendant's denial (under the color of law) of
            Plaintiff Mr. Moore's equal protection, procedural
            due process violations, and substantive due process
            rights granted by the Fourteenth Amendment to the
            U.S. Constitution; and

    (iii)   Defendant's denial (under the color of law) of
            Plaintiff Mr. Moore's freedom of expression and
            assembly rights granted by the First Amendment to
            the U.S. Constitution.

6.      Venue is proper in the Western District of Texas (Midland-Odessa Division) because Defendant ECTOR COUNTY-ISD operates its schools in, and from, Odessa in Ector County, Texas, which is also where the underlying events occurred. Ector County is within the Western District of Texas.

## D.    FACTUAL BACKGROUND

### *WHO IS MR. MOORE?*

7.      Plaintiff Mr. Moore is a white male over the age of forty.

8.      Plaintiff Mr. Moore has been an education employee in the State of Texas for many years. During a portion of that time, Mr. Moore was an employee of Defendant ECTOR COUNTY-ISD working as an teacher and coach.

9.      Plaintiff Mr. Moore performed the above described work for Defendant ECTOR COUNTY-ISD under a written agreement with Defendant (the "Contract").

### *WHO IS ECTOR COUNTY-ISD?*

10.     As stated, Defendant ECTOR COUNTY-ISD is a public school district formed under the laws of the State of Texas and operates under the authority of the State of Texas and the United States Department of Education.

11.     As part of its funding, Defendant ECTOR COUNTY-ISD receives grants and other funds from the United States government that are used for the

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2020.08.06

primary objective of providing for the employment of educators for students in Ector County, Texas, such as Plaintiff Mr. Moore.

12.     Through the direct use of such funding from the United States, or, through the general co-mingling of such funds into the revenue stream of Defendant ECTOR COUNTY-ISD, Defendant ECTOR COUNTY-ISD compensated Plaintiff Mr. Moore through the Contract between Defendant ECTOR COUNTY-ISD and Mr. Moore, employing Mr. Moore as a tennis coach and teacher at Defendant's Odessa High School.

### *Defendant ECTOR COUNTY-ISD's Wrongful Actions towards Mr. Moore.*

13.     Most unfortunately for Plaintiff Mr. Moore, Defendant ECTOR COUNTY-ISD also used its financial resources to finance the discrimination of Mr. Moore as a result of his age and gender.

14.     Plaintiff Mr. Moore was an easy target for discriminatory practices because Mr. Moore is older in age than most of the teachers within ECTOR COUNTY-ISD.

15.     In a bid to run Plaintiff Mr. Moore out of the District, certain teachers, coaches, administrators of Defendant ECTOR COUNTY-ISD cooked-up conspiracies and lies ("falsehoods") against Mr. Moore.

16.     Plaintiff Mr. Moore filed formal and internal grievances ("Grievances") against each administrator and teacher who perpetrated the falsehoods.

**PLAINTIFF'S ORIGINAL COMPLAINT**

17.     However, immediately, after Plaintiff Mr. Moore filed the Grievances, Defendant ECTOR COUNTY-ISD retaliated against Mr. Moore and placed Mr. Moore on administrative leave.

18.     In furtherance of its retaliatory tactics, Defendant ECTOR COUNTY-ISD thereafter in 2019 proposed the non-renewal of Plaintiff Mr. Moore from his teaching and coaching positions.

19.     The falsehoods initiated and stoked by Defendant ECTOR COUNTY-ISD were ongoing and injurious to Mr. Moore's reputation and employability as a teacher.

20.     In exercising his duties as an employee of Defendant ECTOR COUNTY-ISD, Plaintiff Mr. Moore exercised Mr. Moore's protected right to express concern and dissatisfaction as to Mr. Moore's workplace through the filing of various grievances ("Grievances").

21.     Unfortunately, the filing of the Grievances by Plaintiff Mr. Moore merely increased retaliation against Mr. Moore including targeting based on Mr. Moore's age, gender, and exercise of his First Amendment Rights.

22.     Plaintiff Mr. Moore's Grievances were held back by Defendant ECTOR-COUNTY-ISD and never heard before Mr. Moore's Termination.

23.     Challenging the proposed non-renewal of Plaintiff Mr. Moore, equal to being fired, Plaintiff Mr. Moore's employment status was ultimately heard and

considered by the Board of Trustees ("Board") of Defendant ECTOR COUNTY-ISD on June 26, 2019.

24.     Notwithstanding the strong evidence offered as to positive attributes of Plaintiff Mr. Moore and the negative actions of those who Mr. Moore had been critical of in his Grievances and complaints, the Board exercised and affirmed its discriminatory policies and terminated Mr. Moore ("Termination").

25.     After Plaintiff Mr. Moore's wrongful Termination by the Board of Defendant ECTOR-County-ISD, Mr. Moore filed a charge of discrimination ("Charge") with the EEOC. On May 8, 2020, Mr. Moore received the Right to Sue Letter from the EEOC and has timely filed this complaint in accordance therewith.

### *Defendant ECTOR COUNTY-ISD's "Municipal Liability"*

26.     Defendant ECTOR COUNTY-ISD committed, and allowed the commission of, the misconduct described in this complaint intentionally, with actual malice, reckless disregard, and intentional indifference toward Plaintiff Mr. Moore.

27.     Texas law deems Mr. Moore's Contract to create a property interest that Mr. Moore holds.

28.     Defendant ECTOR COUNTY-ISD committed, and allowed the commission, of the targeted discrimination against Mr. Moore and implemented it under color of law. The Defendant ECTOR COUNTY-ISD personnel who committed the misconduct complained of did so as agents and representatives of

ECTOR COUNTY-ISD and were implementing ECTOR COUNTY-ISD's policies, practices, and procedures when they acted against Mr. Moore.

29.    If Defendant's ECTOR COUNTY-ISD's policies, practices, and procedures were not in written form, ECTOR COUNTY-ISD and its agents implemented them in accord with the customs and practices of ECTOR COUNTY-ISD's policy makers.

30.    Defendant ECTOR COUNTY-ISD's personnel who acted against Plaintiff Mr. Moore did so while performing their assigned ECTOR COUNTY-ISD duties, as prescribed by ECTOR COUNTY-ISD's superintendent and/or its Board (being the ultimate policymaker of Defendant ECTOR COUNTY-ISD).

31.    Further, as stated, the Board of Defendant ECTOR COUNTY-ISD ratified and affirmed such discrimination by completing the Termination of Plaintiff Mr. Moore.

32.    Defendant ECTOR COUNTY-ISD's discrimination towards Plaintiff Mr. Moore represents actions of complete and deliberate indifference to Mr. Moore, and, made it necessary for Mr. Moore to retain legal counsel and to file this lawsuit to seek redress such discrimination.

### *Harm to Plaintiff Mr. Moore*

33.    As referenced, Defendant ECTOR COUNTY-ISD's discrimination against Plaintiff Mr. Moore caused Mr. Moore to suffer physical and economic

harm, including without limitation lost pay, and medical expenses. Mr. Moore also suffered extreme emotional harm as a result of the referenced discriminatory actions of Defendant ECTOR COUNTY-ISD.

34.     Plaintiff Mr. Moore has met all conditions precedent to bring these claims before this Honorable Court.

## E.   CAUSES OF ACTION

35.     The foregoing factual allegations contained in the foregoing Section D: Factual Background are incorporated into this Section E by reference for all purposes.

## COUNT ONE: VIOLATION OF TITLE VII

36.     Defendant ECTOR COUNTY-ISD committed its misconduct toward Plaintiff Mr. Moore because of Mr. Moore's age, gender, and his exercise of rights to protest the toxic work environment created, and allowed by, Defendant ECTOR COUNTY-ISD.

37.     Defendant ECTOR COUNTY-ISD also committed its misconduct toward Plaintiff Mr. Moore in retaliation for Plaintiff Mr. Moore filing the Grievances with ECTOR COUNTY-ISD.

38.     Defendant ECTOR COUNTY-ISD's retaliatory acts contributed to and aggravated the hostile workplace environment of Plaintiff Mr. Moore's place of employment.

39.     Defendant ECTOR COUNTY-ISD's  acts  and  omissions  against Plaintiff Mr. Moore  in  violation  of  Title VII have caused Plaintiff Mr. Moore to suffer  a  loss  of  benefits  and  created  economic  losses,  including  all  actual, consequential, continuing, and future  compensatory damages, for which Plaintiff Mr. Moore now sues in accord with Title VII.

40.     Defendant ECTOR  COUNTY-ISD's  acts  and  omissions  against Plaintiff Mr. Moore  in  violation  of  Title VII have caused Plaintiff Mr. Moore to suffer  mental  and  emotional  distress  and  damages,  including  all  actual, consequential, continuing, and future compensatory damages, for which Plaintiff Mr. Moore now sues in accord with Title VII.

## COUNT TWO: VIOLATION OF THE ADEA

41.     The ADEA prohibits the discrimination of employees based on an employee being forty years of age or older.

42.     Plaintiff Mr. Moore was certainly qualified for his employment with Defendant ECTOR COUNTY-ISD, Mr. Moore was over the age of forty (being a protected  class  under  the  ADEA),  suffered  Termination,  and  was  replaced  by someone younger than Mr. Moore.

43.     Defendant  ECTOR  COUNTY-ISD's  acts  and  omissions  against Plaintiff Mr. Moore  in  violation  of  the ADEA have caused Plaintiff Mr. Moore to suffer  a  loss  of  benefits  and  created  economic  losses,  including  all  actual,

consequential, continuing, and future compensatory damages, for which Plaintiff

Mr. Moore now sues in accord with the ADEA.

44.     Defendant ECTOR COUNTY-ISD's acts and omissions against

Plaintiff Mr. Moore in violation of the ADEA have caused Plaintiff Mr. Moore

to suffer mental and emotional distress and damages, including all actual,

consequential, continuing, and future compensatory damages, for which Plaintiff

Mr. Moore now sues in accord with the ADEA.

## COUNT THREE: VIOLATION OF SECTION 1983

45.     42 U.S.C. §1983 provides in part:

> Every person who under color of any statute, ordinance,
> regulation, custom, or usage, of any State…subjects, or
> causes to be subjected, a citizen of the United States…to
> the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action and law, suit in equity, or other
> proper procedure for redress….

46.     Defendant ECTOR COUNTY-ISD's acts and omissions in violation of

Title VII and the ADEA also violate Section 1983 because ECTOR COUNTY-ISD

committed those acts and omissions under color of law, through designated persons

of authority implementing their ECTOR COUNTY-ISD-assigned duties and

responsibilities, including the Board.

47.     Further, the Fourteenth Amendment to the United States Constitution grants Mr. Moore the right to procedural and substantive due process and to equal protection under the law.

48.     Defendant ECTOR COUNTY-ISD's acts and omissions were intentional, arbitrary, and capricious, resulting in violation of Plaintiff Mr. Moore's procedural and substantive due process and to equal protection under the law.

49.     The First Amendment to the United States Constitution grants Plaintiff Mr. Moore the right to express complaints and concern for other's rights with Defendant ECTOR COUNTY-ISD both orally and in writing.

50.     The First Amendment also grants Mr. Moore the right to assemble peaceably and to petition ECTOR COUNTY-ISD for redress, which Mr. Moore did.

51.     One of the base elements of the Charge pursued by Plaintiff Mr. Moore related to ongoing discrimination of Mr. Moore because of his filing the Grievances, which is clearly within Mr. Moore's right of exercise of his free speech.

52.     Defendant ECTOR COUNTY-ISD's  acts and omissions against Plaintiff Mr. Moore  in  violation  of  Section 1983 have caused Plaintiff Mr. Moore to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future  compensatory damages, for which Plaintiff Mr. Moore now sues in accord with Section 1983.

53.     Defendant ECTOR COUNTY-ISD's acts and omissions against Plaintiff Mr. Moore in violation of Section 1983 have caused Plaintiff Mr. Moore to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Mr. Moore now sues in accord with Section 1983.

54.     Plaintiff Mr. Moore also seeks equitable relief with regard to the removal and expungement of all negative records as to Mr. Moore held by Defendant ECTOR COUNTY-ISD including but not being limited to his Termination therefrom.

## COUNT FOUR: EXEMPLARY AND/OR LIQUIDATED DAMAGES

55.     Various of the statutes that Defendant ECTOR COUNTY-ISD's misconduct violated permit the recovery of exemplary and/or liquidated damages. ECTOR COUNTY-ISD's misconduct entitles Plaintiff Mr. Moore to recover exemplary and/or liquidated damages from ECTOR COUNTY-ISD in an amount sufficient to punish ECTOR COUNTY-ISD for its misconduct and to deter similar misconduct in the future.

## COUNT FIVE: ATTORNEY'S FEES

56.     Various of the statutes that Defendant ECTOR COUNTY-ISD's misconduct violated permit the recovery of reasonable and necessary attorney's fees. ECTOR COUNTY-ISD's misconduct entitles Plaintiff Mr. Moore to recover from ECTOR COUNTY-ISD Mr. Moore's reasonable and necessary attorney's fees.

**PLAINTIFF'S ORIGINAL COMPLAINT**

## COUNT SIX: INTEREST AND COSTS OF COURT

57.     Various of the statutes that Defendant ECTOR COUNTY-ISD's misconduct violated permit the recovery of prejudgment interest.

58.     Plaintiff Mr. Moore is entitled to recover from Defendant ECTOR COUNTY-ISD both prejudgment interest, where permitted, and post judgment interest, at the highest rates permitted by law.

59.     Plaintiff Mr. Moore is further entitled to recover from Defendant ECTOR COUNTY-ISD Mr. Moore's costs of court.

## F.  JURY TRIAL

60.     Plaintiff Mr. Moore hereby requests a trial by jury in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Mr. Moore Moore respectfully prays that upon final trial of this matter Mr. Moore recover a judgment against Defendant ECTOR COUNTY-ISD for:

- Plaintiff's actual and consequential damages;

- Equitable relief as requested;

- Exemplary damages in the manner requested above;

- Plaintiff's reasonable and necessary attorney's fees;

- Prejudgment and post judgment interest, as applicable;

- Plaintiff's costs of court; and

Any and all such other relief, legal and equitable, as to which Plaintiff may be justly

entitled.

Respectfully submitted,

Gorman Law Firm, pllc

Terry P. Gorman, Esq.
Texas Bar Number 08218200
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: 214.802.3477 (direct)
Telecopier: 512.597.1455
tgorman@school-law.co
**COUNSEL FOR PLAINTIFF**
**JOSHUA MOORE**